By the Court.—Curtis, Ch. J.
—The plaintiff’s demurrer is on the ground, that the defendant’s first defense does not state facts sufficient to constitute a defense.
The action is to recover $875, rent for a quarter ending February 1, 1876. The answer contains two ■defenses, separately numbered and stated, the first of which it designates “ a first defense,” and the second of which it designates “a second defense and counterclaim.” Our consideration is confined to the first defense. The first defense is, that the plaintiffs, with the intent of inducing defendant to accept the lease, declared or falsely represented to the defendant that the plaintiff’s lease of the premises leased to the defendant, expired May 1, 1876, whereas they well knew their lease expired February 1, 1876 ; that defendant .accepted the lease relying upon these representations, which were made by plaintiffs with intent to defraud defendant into accepting the lease, and went to great expense in painting the inside of the premises for the purpose of carrying on the general importing ffincy *137 goods business, for which purpose the premises were expressly leased. Also that defendant was obliged to move out of the premises, February 1, 1876, and rent a new store at an advanced rent, at a great loss of custom and- expense, to his damage $2,500.
This defense is insufficient as a bar to the plaintiff’s claim, and does not raise the question of fraud, as it omits alleging that the defendants were deceived by the alleged fraudulent representations. That the defendant was in fact deceived by such representations is the very gist of a defense of this character, and when not alleged, it cannot be supplied by inference or presumption (Lefler v. Field, 51 N. Y. 621).
This defense is also insufficient in not alleging that the defendant was obliged to move on February 1, on account of the alleged false representation, as well as in omitting to allege any damage therefrom.
At the argument, no point was presented by the appellant to sustain the position that this defense was sufficient as a bar to the plaintiff’s claim. On the contrary, it was urged on the part of the appellant, that it was a counter-claim, and was good as such..
If these alleged false representations, pleaded as a defense, are insufficiently pleaded as such, there is an obvious difficulty in construing the same allegations as constituting a good cause of action in the defendant’s favor against the plaintiff, and enforcing it as such. There is an omission in the answer to designate or intimate in any way that the defendant intended to make, what he there calls “ a first defense,” a counterclaim. If the defendant meant it for a counter-claim, he should have said so, and not called it something else. A defendant cannot thus mislead his opponent, and then take advantage of it, by insisting that it is a counter-claim, if the exigencies of the litigation render that construction of it desirable. The code contemplates no such anomaly in pleading, but intends that *138 a plaintiff shall have a reasonable notice when a defendant makes a personal claim against him, so that he may have an opportunity to prepare for it at the trial (Bates v. Rosecrans, 37 N. Y. 412).
The order appealed from ~ should be affirmed with costs, but 'with leave to the defendant to amend the answer within twenty days on payment of costs.
Sanford, J., concurred.